No. 19,305.

Rose Oakley, Proponent, etc. v.
Astor L. Rotenberry, Caveator.
(361 P. [2d] 437)

Decided May 1, 1961.

Mr. Paul S. Dwyer, Mr. Gail H. Haddock, for plaintiff in error.

Mr. Carl M. Perricone, Mr. Gaspar F. Perricone, for defendant in error.

*In Department.*

Opinion by Mr. Justice Sutton.

The sole question presented by this writ of error is whether there was sufficient conflict in the evidence before the trial court as to require submission of the issue in question to the jury. If so the judgment must be affirmed.

Briefly the facts of the case are as follows:

Defendant in error Astor L. Rotenberry, hereafter referred to as "Astor," married Susan Katherine Larson, a widow, hereafter referred to as "Susan," in 1948. Both were well along in years at the time and in early 1953 were divorced. On July 30, 1953, Susan executed a last will and testament in which she excluded her divorced husband Astor, the defendant in error here, from any interest in her estate.

Approximately four years before the death of Susan on May 2, 1959, Astor returned to her home and the parties continued to live together until her death.

Following Susan's death the aforesaid last will and testament was offered for probate, and Astor filed his caveat thereto. Following presentation of caveator's case the proponents of the will moved that the caveat be dismissed, the trial court reserving its ruling thereon. Upon conclusion of the evidence proponents again moved for dismissal and in the alternative for a directed verdict. Both motions were denied and the trial court submitted the case to the jury which returned a verdict in Astor's favor.

The question before the trial court was whether a common law marriage resulted from the relationship of the parties following the divorce, thus revoking the

will made by Susan prior to the resumption of marital relations.

We have examined the record herein and are satisfied that there was sufficient competent evidence before the court to justify submission of the issue to the jury.

The judgment is affirmed.

Mr. Justice Day and Mr. Justice McWilliams concur.